UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY JOSEPH LEBOUEF** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7115** |
| **TIMOTHY SOIGNET, ET AL.** | **SECTION: "B"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of Defendants, Sheriff Timothy Soignet, Major Rhonda Ledet, and Lt. Col. Stephen Bergeron, on the Issue of Qualified Immunity. (Rec. doc. 21). Plaintiff Tony Joseph LeBouef has filed no opposition to the motion. Having reviewed the motion and the case law, the Court rules as follows.

**I.  Background**

On November 29, 2023, *pro se* Plaintiff Tony Joseph LeBouef filed this lawsuit under 42 U.S.C. § 1983 against multiple Defendants. In the lawsuit, he alleges he has received inadequate medical care at Terrebonne Parish Criminal Justice Complex ("TPCJC") for injuries that he sustained in an automobile accident. (Rec. doc. 4). Specifically, he alleges:

> I'm currently under the umbrella of Terrebonne custody dealing with a current automobile accident. Medical team has been repeating an ongoing issue dealing with the injurys of my accident. Neglect of improper testing and also improper followups with doctor causing me to repeatedly deal with pains for a multiple of days over and over having to deal with pain. Facility officers aware of the ongoing problem as well as Lt. Schwausch being aware. Nurse Dominique aware of matter and part of.

(*Id.*). Attached to Plaintiff's Complaint are 37 pages of grievances in which he complains about, *inter alia*, his inadequate medical care. (Rec. doc. 4-1).

## II.     Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must marshal evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477

U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Further, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). A court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**III.    Law and Analysis**

42 U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Because Section 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). To plead a Section 1983 claim, a plaintiff must allege facts that demonstrate:

(1) the deprivation of a right secured by the U.S. Constitution or federal law,

(2) that occurred under color of state law, and

(3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Construing Plaintiff's Complaint liberally – as it must[1] – this Court finds that Plaintiff is asserting a claim for deliberate indifference to his serious medical needs by the staff at the TPCJC. In *Estelle v. Gamble*, the Supreme Court held that

> an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

---

[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

429 U.S. 97, 105-06 (1976) (quotations omitted).  When a plaintiff sues a jail official in his or her individual capacity, that official may only be held liable under Section 1983 if he or she acted with subjective deliberate indifference.  *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995).  Deliberate indifference "is an extremely high standard to meet[,]" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985), and requires facts that demonstrate that Defendants "refused to treat [Plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

As noted above, Plaintiff attaches 37 pages of grievances to his Complaint.  (Rec. doc. 4-1).  The Fifth Circuit has held that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.  *Bejaran v. Cruz*, 79 F. App'x 73, 74 (5th Cir. 2003) (stating that "Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and . . . gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs"); *Gobert v. Caldwell*, 463 F.3d 339, (5th Cir. 2006) (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'")).

The grievance forms attached to Plaintiff's Complaint reveal that the TPCJC addressed all of Plaintiff's medical concerns.  Indeed, at one point, Plaintiff agreed that after he had seen

5

a doctor and had been prescribed medication: "Yes, matter solved." (Rec. doc. 4-1 at 2). On another occasion, Plaintiff responded, "Thank you for getting to my needs, an[d] health care in time y'all was able to." (*Id.* at 24). And on yet another occasion, he stated, "[T]hank you very much for putting me back on meds till [I] get further medical attention." (*Id.* at 37). The grievances reveal that prison staff responded to all of the grievances that he submitted, scheduling doctor appointments, reviewing his medical records, verifying his dietary needs and prescription medication, and submitting information to both doctors and the kitchen staff regarding his particularized diet. In short, the grievances rebut any allegation of deliberate indifference on the part of Soignet, Ledet, or Bergeron.

Moreover, it has long been held that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (noting that an affirmative link is necessary between injury and conduct of defendant)). Liability may be found only if there is personal involvement of the official being sued. *See Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979)). In order to successfully plead a cause of action in a Section 1983 case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In addition, any alleged violation must be intentional. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

There is no allegation that Soignet, Ledet, or Bergeron intentionally had any involvement in the medical treatment administered to Plaintiff.  While Soignet – as Sheriff – provides the Correctional Officers to operate the TPCJC, the Terrebonne Parish Consolidated Government ("TPCG") owns the prison and hires the medical staff who operate the Medical Department.  (Rec. docs. 21-2 at 1; 21-3 at 1-2; 21-4 at 1-2).  The medical staff at the TPCJC operate independently from Soignet's employees at the TPCJC.  (Rec. doc. 21-2 at 2).  Neither Soignet, Ledet, Bergeron, nor any employee supervised by them, participated in the individual medical decisions related to Plaintiff's care while he was incarcerated at the TPCJC.  (Rec. docs. 21-2 at 2; 21-3 at 2; 21-4 at 2).

And while Soginet, Ledet, and Bergeron did individually and personally participate in reviewing many of Plaintiff's grievances regarding his medical care, it is well-established that a prisoner has no protected liberty interest in either the adequacy or the result of prison administrative grievance procedures.  *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Eason v. Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996)).  The Fifth Circuit has many times held that a prisoner does not have a constitutionally protected interest in having his grievances resolved to his satisfaction.  *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)).  There is no genuine issue of material fact that Plaintiff's claim for deliberate indifference to his serious medical needs cannot succeed under this Court's and the Fifth Circuit's case law. [2]

---

[2] Because the Court resolves the motion on these grounds, it need not address the issue of qualified immunity.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Motion for Summary Judgment of Defendants, Sheriff Timothy Soignet, Major Rhonda Ledet, and Lt. Col. Stephen Bergeron, on the Issue of Qualified Immunity (rec. doc. 21) be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24th day of June, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**